UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN C. PHEIFFER,<br><br>        Defendant. | Case No. 1:21-cv-1254-CDB (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO FILE AMENDMENT<br><br>(Doc. 16)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FRIVOLOUSNESS AND FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br><u>Clerk of Court to assign a district judge</u> |

      Plaintiff Robert Hudson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff filed a complaint alleging that Kern Valley State Prison ("KVSP")[1] denied him due process by arbitrarily and without notice changing his pay schedule and pay scale. (Doc. 1.) The Court has screened the complaint and finds that it is frivolous and fails to state a claim upon which relief can be granted; therefore, the complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 28 § 1915A(b)(1). The Court further finds amendment would be futile and therefore recommends

---

[1] Plaintiff misspelled Warden Pheiffer's name on the complaint, it is corrected in the caption above.

dismissal of this action with prejudice.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b). These provisions authorize the court to dismiss a frivolous *in forma pauperis* complaint *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319, 322 (1989). Dismissal based on frivolousness is appropriate "only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief." *Id.* at 322–23. The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) (citing *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir.2006)).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

Plausibility does not require probability, but it requires more than the "sheer possibility" of a defendant's liability. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). A claim is plausible when the facts pleaded allow the court to make reasonable inferences that the defendant

1    is liable for wrongful conduct. *Id.* (quoting *Twombly*, 550 U.S. at 556). However, courts "are not
2    required to indulge unwarranted inferences." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540
3    F.3d 1049, 1064 (9th Cir. 2008).

4      The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit
5    of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal
6    pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke*,
7    490 U.S. at 330 n.9. Moreover, a liberal construction of the complaint may not supply essential
8    elements of a claim not pleaded by the plaintiff. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d
9    1251, 1257 (9th Cir. 1997). The mere possibility of misconduct and facts merely consistent with
10   liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret
11   Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Vague and conclusory allegations of official
12   misconduct are insufficient to withstand a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of
13   Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)

14     **B.**  **Linkage and Causation**

15     Section 1983 provides a cause of action for the violation of constitutional or other federal
16   rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. Section 1983 "is not itself
17   a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."
18   *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Baker v. McCollan,* 443 U.S. 137,
19   144 n.3 (1979)).

20     To state a claim under section 1983, a plaintiff must show a causal connection or link
21   between the actions of the defendants and the deprivation alleged to have been suffered by the
22   plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). The Ninth Circuit has held that a
23   government actor may be liable under section 1983 if he performs an affirmative act, participates
24   in another's affirmative acts, or fails to perform an act which he is legally required to do that
25   causes the prisoner to suffer a deprivation of rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.
26   1978) (citing *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976)). In addition to direct participation, a
27   government actor may be liable for "setting in motion a series of acts by others which the actor
28   knows or reasonably should know would cause others to inflict the constitutional injury." *Id*. at

743–44.

## III. DISCUSSION

### A. Plaintiff's Allegations[2]

Plaintiff provides minimal allegations of fact on the complaint form. However, Plaintiff has submitted his inmate appeals documents (Doc. 1 at 26–40; Doc. 16[3]), which provide additional facts underlying Plaintiff's claim. Plaintiff attaches a section from the CDCR Operations Manual, including Article 12, governing inmate pay. (*Id.* at 12–25.)

Since July 2018, while housed at KVSP, Plaintiff has worked as a building porter. (*Id.* at 26.) On or about April 5, 2019, KVSP arbitrarily and without notice reduced Plaintiff's work schedule from 6.5 to 3.5 hours per day and changed his pay from grade 4 to grade 5. According to Plaintiff, his pay schedule and pay scale are inconsistent, and he receives half or no pay.

Plaintiff brings this action against the warden as the only defendant for a violation of his Fourteenth Amendment due process rights. Plaintiff seeks $20,000.00 in damages for lost or denied pay.

### B. Non-Compliance with Prison Regulations

Non-compliance with prison policies or grievance procedures, absent more, does not rise to the level of a constitutional violation. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). California prison regulations do not give rise to protected due process rights. *Romero v. Katavich*, No. 1:11-cv-0395-LJO-MJS (PC), 2012 WL 484782, at *11 (E.D. Cal. Feb. 14, 2012). Violations of prison regulations do not give rise to a cognizable claim for relief. *See, e.g.*, *Nible v. Fink*, 828 F. App'x 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right). A state departmental regulation does not establish a federal constitutional violation. *Cousins v.*

---

[2] The Court accepts these allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

[3] Plaintiff submitted a request to file amendment (Doc. 16), which the Court construes as a motion to supplement the complaint under Rule 15(d) of the Federal Rules of Civil Procedure. Pursuant to Rule 15(d), the Court will grant the motion.

1  *Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

2  **C.    Due Process**

3  The Fourteenth Amendment protects persons from deprivations of life, liberty, or property without due process of law. U.S. Const. amend. XIV. Protected liberty interests may arise both from the Constitution or from state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). "A state may create a liberty interest through statutes, prison regulations, and policies." *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (citation omitted). When a protected liberty interest is implicated, the Due Process Clause provides certain procedural guarantees. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). The amount of process or specific procedures required vary by context and the particular interest at stake. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. *Wilkinson*, 545 U.S. at 221–23 (citing *Sandin v. Conner*, 515 U.S. 472, 481–84 (1995) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* at 221 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted).

"The threshold question in due process analysis is whether a constitutionally protected interest is implicated." *Baumann v. Ariz. Dep't of Corr.*, 754 F.2d 841, 843 (9th Cir. 1985). The Due Process Clause does not create a property or liberty interest in prison employment. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004). A prisoner thus does not have a constitutional right to have a job in prison, *Baumann*, 754 F.2d at 846, or to retain a prison job, *Blake v. Foster*, 2022 WL 3012160, at *4 (C.D. Cal. Mar. 11, 2022) (citting *Gray v. Hernandez*, 651 F. Supp. 2d 1167, 1187 (S.D. Cal. 2009)). "To the extent Plaintiff alleges violations of his due process rights based on the . . . loss of job assignment and wages, Plaintiff fails to state a claim because Plaintiff identifies no protected liberty interest." *Green v. Chamberlain*, No. 2:19-cv-0109-WBS-DMC-P,

2019 WL 4917339, at *6 (E.D. Cal. Oct. 4, 2019), *F.&R. adopted*, 2019 WL 7037598 (E.D. Cal. Dec. 20, 2019).

Plaintiff has no liberty interest in his prison employment, and therefore, he is unable to state a due process claim based on a change in his work hours and pay.

### D. Dismissal with Prejudice

Under the *in forma pauperis* statute, a court is required to dismiss the case at any time if it determines the action is frivolous or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. To state a claim for relief under Rule 8(a)(2), the pleader must allege "only enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570; The phrase "fails to state a claim on which relief may be granted . . . parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.")). A complaint that fails to state a claim is not automatically frivolous under section 1915(e). *Neitzke*, 490 U.S. at 331.

To the extent that an *in forma pauperis* complaint fails to state a claim under Rule 8 *and* is frivolous under 28 U.S.C. § 1915(e), dismissal is appropriate. *See id.* at 328. Accordingly, Plaintiff's action under 42 U.S.C. § 1983 is dismissed with prejudice for failure to state a claim. *See Stamos v. Citrus Heights Police Dep't*, 156 F. App'x 995 (9th Cir. 2005) (*citing* 28 U.S.C. § 1915A).

Under Rule 15, leave to amend should be "freely give[n]." Fed. R. Civ. P. 15(a)(2). Thus, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (citation and quotation omitted). Courts give a liberal construction to Rule 15, and leave to amend should be "freely given when "justice so requires." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, a district court may dismiss without leave

where amending the complaint would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)

Here, Plaintiff's claims based on his prison employment lack any basis of fact or law. Therefore, the Court finds this case is frivolous and fails to state a claim upon which relief can be granted. The Court further finds that amendment of the complaint would be futile.

### IV. CONCLUSION

Accordingly, it is hereby RECOMMENDED:

1. The Court dismiss the complaint with prejudice as frivolous and failure to state a claim upon which relief can be granted; and
2. Direct the Clerk of Court to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is DIRECTED to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **June 30, 2023**

_____
UNITED STATES MAGISTRATE JUDGE